```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**BRADFORD W. DEEL,**

       Plaintiff/Counterclaim Defendant,

v.                                                      Civil Action No. 2:06-1064

**WEST VIRGINIA EMS TECHNICAL
SUPPORT NETWORK, INC.,** a West
Virginia Corporation,
**JOE RICHARDS,** Chief Executive
Officer of **WEST VIRGINIA EMS
TECHNICAL SUPPORT NETWORK, INC.,
MARGARET COLLINS,** Program Administrator
for the Medley/Hartley Advocacy Program
of **WEST VIRGINIA EMS TECHNICAL SUPPORT
NETWORK, INC.,** and
**NATIONAL UNION FIRE INSURANCE CO.**

       Defendants/Counterclaimant.

## MEMORANDUM OPINION AND ORDER

Pending is the Fed. R. Civ. P. Rule 12(b)(6) motion of the plaintiff, Bradford W. Deel, to dismiss the abuse of process count of the counterclaim of defendant West Virginia EMS Technical Support Network, Inc. ("WVEMS") for failure to state a claim, filed on April 10, 2007.[1]  For the reasons that follow, the motion is granted.

---

[1] Deel has not filed a reply to the WVEMS' response to his motion to dismiss, and the time to do so has passed.

1

I.

On December 22, 2006, Deel instituted this action against his former employer, WVEMS, and two of its employees, Joe Richards and Margaret Collins (collectively the "WVEMS defendants"), alleging that on June 15, 2006 his employment as an attorney with WVEMS was terminated based on his membership in the armed forces in violation of his rights under the Uniformed Services Employment and Re-employment Rights Act ("USERRA"), 38 U.S.C. §§ 4301 through 4335. (Compl. ¶¶ 2-4, 19-23; Am. Comp. ¶¶ 2-4, 19-23). On February 28, 2007 the WVEMS defendants filed an answer to the complaint. Included within the answer is the two-count counterclaim of WVEMS, which asserts the following claims: Count I, Fraudulent Misrepresentation; Count II, Abuse of Process.

II.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when

it "fail[s] to state a claim upon which relief can be granted . . . ."  Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds, Twombly, 127 S. Ct. at 1969)); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007).  Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions . . . ."  Twombly, 127 S. Ct. at 1965.  It is now settled that "a formulaic recitation of the elements of a cause of action will not do."  Id.; Giarratano v. Johnson, 521 F.3d 298, 304 (4th Cir. 2008).

The complaint need not, however, "make a case" against a defendant or even "forecast evidence sufficient to prove an element" of the claim.  Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005) (quoting Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).  Instead, the opening pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level."  Twombly, 127 S. Ct. at 1965; Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)(noting the opening pleading "does not require 'detailed

factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Stated another way, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 1974; Giarratano, 521 F.3d at 302. The recent decision in Iqbal provides some guidance concerning the plausibility requirement:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "
>
> Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."
>
>     In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their

> veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S. Ct. at 1949-50 (citations omitted).

As noted in Iqbal, the Supreme Court has consistently interpreted the Rule 12(b)(6) standard to require a district court to "'accept as true all of the factual allegations contained in the complaint . . . .'" Erickson, 127 S. Ct. at 2200 (quoting Twombly, 127 S. Ct. at 1965); see also South Carolina Dept. of Health and Environmental Control v. Commerce and Industry Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)). The court is additionally required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

### III.

WVEMS describes Deel as an incompetent employee who was discharged because of his indolence, rather than his membership in the armed forces. (Contercl. ¶¶ 15-27). While the majority of the factual allegations in the counterclaim are relevant only to WVEMS' claim of fraudulent misrepresentation, WVEMS alleges in support of its abuse of process claim that:

> 53. Plaintiff knew or should have known prior to drafting and filing his lawsuit against the Defendants that he had no legitimate claim under the Uniform Services Employment and Reemployment Rights Act.
> 54. By asserting such a false claim, Plaintiff has engaged in a complete and total perversion of the Uniform Services Employment and Reemployment Rights Act. Plaintiff has abused and misused the civil process in an attempt to accomplish a wrongful purpose: to obtain monies from the Defendants through the filing of a frivolous claim.
> 55. As a direct and proximate result of Plaintiffs [sic] conduct, Defendant WV EMS TSN has suffered damages, including but not limited to the cost and legal fees expended in defending against Plaintiff's frivolous claim.
>
> 56. Plaintiff acted in bad faith, vexatiously, willfully, wantonly, and for oppressive reasons when he engaged in this abuse of process, thereby entitling Defendant WV EMS TSN to punitive damages.

(Countercl. ¶¶ 53-56).

In Williamson v. Harden, the Supreme Court of Appeals of West Virginia explained that, "[g]enerally, abuse of process consists of the wilful or malicious misuse or misapplication of lawfully issued process to accomplish some purpose not intended or warranted by that process." 585 S.E.2d 369, 372 (W. Va. 2003) (quoting Preiser v. MacQueen, 352 S.E.2d 22, 28 (W. Va. 1985)). Distinguishing the tort of malicious prosecution from that of abuse of process, in Preiser v. MacQueen the Court of Appeals cited favorably to a noted treatise for the following proposition:

6

> **Abuse of process differs from malicious prosecution in that the gist of the tort is not commencing an action or causing process to issue without justification, but misusing, or misapplying process justified in itself for an end other than that which it was designed to accomplish. <u>The purpose for which the process is used, once it is issued, is the only thing of importance</u>. . . . The essential elements of abuse of process, as the tort has developed, have been stated to be: first, an ulterior purpose, and second, a wilful act in the use of the process not proper in the regular conduct of the proceeding. <u>Some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process, is required; and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.</u>**

Preiser, 352 S.E.2d at 28 n.8 (emphasis added) (quoting W. Prosser, Handbook of the Law of Torts § 121 (1971)); see also 1 Am. Jur. 2d Abuse of Process § 3 (2009) ("abuse of process concerns the improper use of process after it has been issued.").[2] Because the "distinctive nature of an action for abuse of process . . . is that it lies for the improper use of a regularly issued process, <u>not for maliciously causing process to issue</u>," Harden, 585 S.E.2d at 372 (emphasis added) (quoting Preiser, 352 S.E.2d at 28)), "the mere filing of a complaint does not give rise to a claim for abuse of process." S. States Coop.

---

[2] It is worth noting that WVEMS' claim cannot be construed as a claim for malicious prosecution because such a claim requires that the allegedly malicious prosecution be "conducted to its termination, resulting in the plaintiff's discharge." Hines v. Hills Dep't Stores, Inc., 454 S.E.2d 385, 390 (W. Va. 1995). None of that has occurred here.

7

Inc. v. I.S.P. Co., 198 F. Supp. 2d 807, 816 (N.D. W. Va. 2002) (quoting Riddell Sports Inc. v. Brooks, 872 F. Supp. 73, 79 (S.D.N.Y)). This is so regardless of the "bad intentions" of the plaintiff. Presier, 352 S.E.2d at 28 n.8.

While apparently conceding that to state a claim for abuse of process the alleged abuse must occur after the process has been issued, WVEMS argues that because Deel is an attorney he should be "held to a higher standard" and, therefore, WVEMS "should not have to allege any conduct occurring after the filing of the complaint." (Resp. to Mot. to Dismiss at 9-10). WVEMS, however, offers no support, from any jurisdiction, for the imposition of a higher standard of conduct upon attorney plaintiffs. The court is, quite simply, not at liberty to construct an "attorney exception" to the elements of a claim for abuse of process as set forth by the West Virginia Supreme Court of Appeals. See Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938) ("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state.").

WVEMS also argues that because "Deel could have committed acts after the filing of the lawsuit that are not yet known to [WVEMS]," WVEMS should be allowed to conduct discovery

8

on the issue. (Resp. to Mot. to Dismiss at 10). As the Supreme Court has recently noted, Fed. R. Civ. P. 8, "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. . . . Only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S. Ct. at 1950.

Because WVEMS has not alleged that Deel engaged in "the wilful or malicious misuse or misapplication of lawfully issued process," Harden, 585 S.E.2d at 372, after the issuance of such process, it has failed to state a claim for abuse of process. The motion to dismiss is granted.

IV.

It is accordingly ORDERED that the motion to dismiss Count II of the counterclaim for failure to state a claim of abuse of process be, and it hereby is, granted.

The Clerk is directed to forward copies of this memorandum opinion and order to all counsel of record.

DATED: July 24, 2009

John T. Copenhaver, Jr.
United States District Judge